**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 1:18-cv-00841-LJV |
| v. | ) ) ) | |
| LORNAMEAD, INC. AND REMEDY INTELLIGENT STAFFING, LLC, Defendants. | ) ) ) ) | |

## CONSENT DECREE

On August 1, 2018, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") commenced this action by filing a Complaint in the above-captioned matter ("Complaint") under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party David C. Gaiser II who the EEOC alleges was adversely affected by such unlawful practices. The EEOC alleges that Defendants Lornamead, Inc. and Remedy Intelligent Staffing, LLC (collectively, "Defendants") failed to provide Charging Party with a reasonable accommodation and instead terminated his employment because of his disability in violation of the ADA.

Defendants deny the allegations in the Complaint and assert that they did not engage in any unlawful discrimination, or any other unlawful conduct.

The EEOC and Defendants have nevertheless agreed that this action should be resolved by entry of this Consent Decree to avoid the expense, delay, and burden of further litigation. In consideration of the mutual promises of each party to this Decree, the sufficiency of which is

hereby acknowledged, it is agreed and IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

**PART I       GENERAL PROVISIONS**

**Section 101    Purpose of this Decree**

A.    The Parties (defined herein) desire to settle this action, and therefore do hereby stipulate and consent to entry of this Decree as final and binding between the Parties.

B.    The Decree resolves all claims and issues that were raised in EEOC's Complaint and EEOC Charge of Discrimination Numbers 525-2016-00668C and 525-2016-00639C, which served as the jurisdictional prerequisites in this case.  This Decree in no way affects EEOC's right to process any other pending or future charges that may have been or will be filed against Defendants, and to commence civil actions on any such charges.

C.    EEOC and Defendants agree that this Court has jurisdiction over the subject matter of this litigation and the Parties, that venue is proper, and that all administrative prerequisites have been met.  No party will contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms.

D.    The terms of this Decree represent the full and complete agreement of the Parties. The Parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court.

**Section 102    Definitions**

A.    "Defendants" means Defendant Lornamead, Inc. ("Lornamead") and Defendant Remedy Intelligent Staffing, LLC ("Remedy"), and their successors.

B.    "The Commission" or "EEOC" is the U.S. Equal Employment Opportunity Commission, an agency of the United States Government charged with the administration, interpretation, and enforcement of the ADA.

C.    Unless otherwise specified herein, "Day" or "Days" means calendar days and includes weekends and holidays.

D.    "Contact Information" means home address, home phone number, cell phone number, and personal e-mail address.

E.    "Effective Date" means the date the Decree is entered by the Court.

F.    "Parties" means the EEOC and Defendants.

**Section 103    Applicability of Decree to Successors and Assigns or Upon Purchase, Merger or Consolidation**

Before either Defendant engages in any transfer of its business or its assets, the Defendant will provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchaser of its business or assets, and to any potential successors, assigns, or affiliates, including any entity with which it may merge or consolidate.  The Defendant will provide written notice to EEOC twenty-one (21) days before any transfer of its business or assets.

**Section 104    Amendments to this Decree**

By mutual consent of the Parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all parties to this Decree, and approved or ordered by the Court.

**Section 105    Severability**

If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to effectuate the intent of the Parties.  The provisions of this Decree that are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the Parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

**Section 106    Breach of Decree**

Nothing in this Decree will be construed to preclude EEOC from bringing proceedings to enforce this Decree if Defendants fail to perform any of the terms contained herein. This Decree will be construed by this Court under applicable federal law.

**Section 107    Notices**

Except as otherwise provided for in this Decree, all notifications, reports, and communications to the Parties required under this Decree will be made in writing and will be sufficient as emailed, hand-delivered, faxed, or sent by certified, registered, or overnight mail to the following persons (or their designated successors):

| | |
|---|---|
| For EEOC: | Elizabeth Fox-Solomon |
| | Trial Attorney |
| | Buffalo Local Office |
| | Olympic Towers |
| | 300 Pearl Street, Suite 450 |
| | Buffalo, NY 14202 |
| | elizabeth.fox-solomon@eeoc.gov |
| | and decreemonitor.nydo@eeoc.gov |
| | |
| For Defendant Lornamead: | Harriet Venetis |
| | Legal Counsel |
| | LF Distribution Holding, Inc. |

4

1359 Broadway, 7th Floor
New York, NY 10018
harriettvenetis@lfnorthamerica.com

For Defendant Remedy:          Heather Peterson
                               Corporate Counsel
                               310 Mentor Drive, Suite 210
                               Santa Barbara, CA 93111
                               Heather.Peterson@employbridge.com

Any Party may change such addresses by written notice to the other Parties setting forth a new address for this purpose.

**PART II      INJUNCTIVE RELIEF**

**Section 201    Injunctions**

A.    Defendants and their officers and managers are hereby enjoined from engaging in any employment practice prohibited by the ADA that discriminates on the basis of disability in the following manner:

1.    Failing to provide reasonable accommodations to qualified individuals with disabilities absent undue hardship; and

2.    Terminating the employment of qualified individuals with disabilities on the basis of disability.

B.    Defendants and their officers and managers are hereby enjoined from unlawfully retaliating against any employee in violation of the ADA, including but not limited to an employee who seeks a reasonable accommodation for a disability under the ADA, complains of disability discrimination under the ADA, opposes a practice he or she considers to be unlawfully discriminatory under the ADA, and/or who participates in a protected activity or provides information related to a complaint of discrimination under the ADA.

**Section 202    Letter of Recommendation to Charging Party**

A.    Within seven (7) days of the Effective Date of this Decree, Defendant Lornamead will provide Charging Party with a neutral letter of reference indicating the dates of his placement with Lornamead and the position held and stating that he performed his duties successfully.

B.    Within seven (7) days of the Effective Date of this Decree, Defendant Remedy will provide Charging Party with a neutral letter of reference indicating the dates of his employment with Remedy and stating that he performed his duties successfully.

**Section 203    Posting and Distribution of Notices**

A.    **Posting of Notice of Resolution**

Within seven (7) business days of the Effective Date of this Decree, Lornamead will conspicuously post and maintain a "Notice of Lawsuit and Resolution" (the "Notice," attached as Exhibit A) at its Tonawanda, NY location in all prominent places where employee notices are posted. Remedy will conspicuously post and maintain the Notice at its Tonawanda, NY location in a prominent place where employee notices are posted. Defendants will certify in writing to the EEOC within seven (7) business days after they have posted the Notice pursuant to this provision. The Notice will remain in place for the duration of the Decree and will not be removed, defaced, or obscured.

**Section 204    Policies and Procedures**

A.    Remedy has adopted new written policies on disability discrimination and reasonable accommodation (the "Remedy ADA Policy"), setting forth Remedy's commitment to providing equal employment opportunities to individuals with disabilities. The Remedy ADA Policy includes (1) an explanation of the ADA's prohibition against disability discrimination and

6

the employer's duty to provide reasonable accommodations to qualified individuals with disabilities; (2) a clearly-described process for requesting a reasonable accommodation and/or complaining of disability discrimination; (3) a description of the interactive process; (4) a statement that reasonable accommodation may include reassignment to a vacant position for which the employee is qualified; and (5) an assurance that an employee who requests a reasonable accommodation or complains of disability discrimination by Remedy and/or a client will not be retaliated against. The Remedy ADA Policy also advises employees of their right to contact the EEOC and/or a state or local agency in the event that the employee believes he or she has been discriminated against in violation of the ADA.

B.    Remedy will continue to include the Remedy ADA Policy in its Associate Handbook for Temporary Employees and make the Remedy ADA Policy available on any internal or external company website where human resources information or polices are available to employees.

C.    Defendant Remedy will provide all new employees with access to and the ability to print the Remedy ADA Policy within seven (7) business days of the commencement of their employment.

D.    On an annual basis beginning one year after the Effective Date of the Decree, Defendant Remedy will certify in writing to EEOC that it has included the ADA Policy in its handbook, made the policy available on the company internal website, and provided it to new employees in accordance with the above terms.

E.    Within seven (7) days of the Effective Date of the Decree, Defendant Lornamead will adopt new policies and procedures on disability discrimination and reasonable accommodation, attached hereto as Exhibit B (hereafter, "Lornamead ADA Policy"), setting

7

forth Lornamead's commitment to providing equal employment opportunities to individuals with disabilities. Attachment of the Lornamead ADA Policy to this Decree is not a representation by EEOC that Lornamead has been or currently is in compliance with federal anti-discrimination laws.

      F.      Within seven (7) days of the Effective Date of the Decree, Defendant Lornamead will include the Lornamead ADA Policy in its Employee Handbook and will make the Lornamead ADA Policy available on any internal or external company website where human resources information or polices are available to employees.

      G.      Defendant Lornamead will provide all new employees (including temporary employees placed by Remedy) with copies of the Lornamead ADA policy within seven (7) business days of the commencement of their employment.

      H.      On an annual basis beginning one year after the Effective Date of the Decree, Defendant Lornamead will certify in writing to EEOC that it has included the ADA Policy in its handbook, and provided it to new employees in accordance with the above terms.

**Section 205    Training**

      A.      **Initial Training**

            1.      Within sixty (60) days of the Effective Date, Defendant Lornamead will provide at least two (2) hours of training to all supervisory and management employees at the Tonawanda, NY location on Lornamead's obligations under the ADA, the duty to provide reasonable accommodations to qualified individuals with disabilities, recordkeeping, and confidentiality. The training will also cover Lornamead's ADA policy and process for addressing accommodation requests under the ADA. The training will be live and interactive

and all training materials will be provided to the EEOC for review and comment at least fourteen (14) days before the training is to be conducted.

      2.     Within sixty (60) days of the Effective Date, Defendant Lornamead will provide at least two (2) hours of training to all human resources personnel at the Tonawanda, NY location on Lornamead's obligations under the ADA, the duty to provide reasonable accommodations to qualified individuals with disabilities, recordkeeping, and confidentiality. The training will be live and interactive and all training materials will be provided to the EEOC for review and comment at least fourteen (14) days before the training is to be conducted.

      3.     Within sixty (60) days of the Effective Date, Defendant Lornamead will provide at least one (1) hour of training to non-supervisory employees, including any temporary employees placed by Defendant Remedy, at its Tonawanda, NY location on their rights and responsibilities under the ADA. The training will include an overview of Lornamead's ADA policy and process for addressing accommodation requests under the ADA, Lornamead's internal complaint, investigation, and remediation processes, and an employee's right to file a charge of discrimination with the EEOC and state or local agencies. The training will be live and interactive and all training materials will be provided to the EEOC for review and comment at least fourteen (14) days before the training is to be conducted.

      4.     Within sixty (60) days of the Effective Date, Defendant Remedy will provide at least ninety (90) minutes of training to all supervisory and management employees for Associates assigned to Lornamead's Tonawanda, NY location on Remedy's obligations under the ADA, including the duty to provide reasonable accommodations to qualified individuals with disabilities, recordkeeping, and confidentiality. The training will also cover Remedy's ADA policy and process for addressing accommodation requests under the ADA. The training will be

interactive and all training materials will be provided to the EEOC for review and comment at least fourteen (14) days before the training is to be conducted.

5.      Within sixty (60) days of the Effective Date, Defendant Remedy will provide at least ninety (90) minutes of training to all human resources personnel who assist Associates assigned to Lornamead's Tonawanda, NY location on Remedy's obligations under the ADA, including the duty to provide reasonable accommodations to qualified individuals with disabilities, recordkeeping, and confidentiality. The training will also cover Remedy's ADA policy and process for addressing accommodation requests under the ADA. The training will be interactive and all training materials will be provided to the EEOC for review and comment at least fourteen (14) days before the training is to be conducted.

**B.      Annual Training**

1.      On an annual basis, within thirty (30) days of each anniversary of the Effective Date of this Decree, Defendant Lornamead will provide at least one (1) hour of training to all supervisory and management employees at the Tonawanda, NY location on Lornamead's obligations under the ADA, the duty to provide reasonable accommodations to qualified individuals with disabilities, recordkeeping, and confidentiality. The training will also cover Lornamead's ADA policy and process for addressing accommodation requests under the ADA.

2.      On an annual basis, within thirty (30) days of each anniversary of the Effective Date of this Decree, Defendant Lornamead will provide at least one (1) hour of training to all human resources personnel at the Tonawanda, NY location on Lornamead's obligations under the ADA, the duty to provide reasonable accommodations to qualified individuals with disabilities, recordkeeping, and confidentiality. The training will also cover Lornamead's ADA policy and process for addressing accommodation requests under the ADA.

3.      On an annual basis, within thirty (30) days of each anniversary of the Effective Date of this Decree, Defendant Lornamead will provide at least one (1) hour of training to non-supervisory employees, including any temporary employees placed by Defendant Remedy, at the Tonawanda, NY location on their rights and responsibilities under the ADA. The training will include an overview of Lornamead's ADA policy and process for addressing accommodation requests under the ADA, Lornamead's internal complaint, investigation, and remediation processes, and an employee's right to file a charge of discrimination with the EEOC and state or local agencies.

4.      On an annual basis, within thirty (30) days of each anniversary of the Effective Date of this Decree, Defendant Remedy will provide at least one (1) hour of training to all supervisory and management employees for Associates assigned to Lornamead's Tonawanda, NY location on Remedy's obligations under the ADA, including the duty to provide reasonable accommodations to qualified individuals with disabilities, recordkeeping, and confidentiality. The training will also cover Remedy's ADA policy and process for addressing accommodation requests under the ADA.

5.      On an annual basis, within thirty (30) days of each anniversary of the Effective Date of this Decree, Defendant Remedy will provide at least one (1) hour of training to all human resources personnel who assist Associates assigned to Lornamead's Tonawanda, NY location on Remedy's obligations under the ADA, including the duty to provide reasonable accommodations to qualified individuals with disabilities, recordkeeping, and confidentiality. The training will also cover Remedy's ADA policy and process for addressing accommodation requests under the ADA.

C.      **Training for New Employees, Supervisors, and Managers**

1.      Defendant Lornamead will provide at least two (2) hours of training to newly-hired or promoted human resources personnel, supervisors, and managers at its Tonawanda, NY location within thirty (30) days of their hire or promotion.  The training will cover Lornamead's obligations under the ADA, the duty to provide reasonable accommodations to qualified individuals with disabilities, recordkeeping, and confidentiality.  The training will also cover Lornamead's ADA policy and process for addressing accommodation requests under the ADA.

2.      Defendant Lornamead will provide at least one (1) hour of training to new non-supervisory employees at its Tonawanda, NY location, including any temporary employees placed by Defendant Remedy, within forty-five (45) days of their hire or placement.  The training will cover employees' rights and responsibilities under the ADA as well as an overview of Lornamead's ADA policy and process for addressing accommodation requests under the ADA.  The training will also include an overview of Lornamead's internal complaint, investigation, and remediation processes, and an employee's right to file a charge of discrimination with the EEOC and state or local agencies.

3.      Defendant Remedy will provide at least ninety (90) minutes of training to newly-hired or promoted human resources personnel, supervisors, and managers who assist Associates assigned to Lornamead's Tonawanda, NY location within thirty (30) days of their hire or promotion.  The training will cover Remedy's obligations under the ADA, including the duty to provide reasonable accommodations to qualified individuals with disabilities, recordkeeping, and confidentiality.  The training will also cover Remedy's ADA policy and process for addressing accommodation requests under the ADA.

12

### D.    Reporting Requirements for Training

All employees attending any training session described in this Section will print and sign their full names and job titles on an attendance sheet. Within ninety (90) days of the Effective Date, Defendants will certify to the EEOC in writing that they have conducted the Initial Training required by Section 205(A) of this Decree and will provide the EEOC with the attendance sheets from the trainings. On an annual basis, within sixty (60) days of each anniversary of the Effective Date of this Decree, Defendants will certify to the EEOC in writing that Defendants have conducted the trainings required by Section 205(B) and (C) of this Decree and will provide the EEOC with attendance sheets and all materials (PowerPoint slides, handouts, outlines, etc.) from those trainings.

### Section 206    Monitoring, Reporting, and Recordkeeping

#### A.    Monitoring by the EEOC

EEOC may monitor Defendants' compliance with this Decree through interviews with Defendants' employees, at reasonable times, for the purpose of verifying compliance with this Decree. The EEOC will provide advance notice of such interviews except in exigent circumstances. Upon request by the EEOC, Defendants will also make available for inspection and copying any records reasonably related to this Decree within seven (7) business days of such request.

#### B.    Reporting to the EEOC

1.    On an annual basis beginning one year after the Effective Date of this Decree, Defendant Lornamead will provide a written report to the EEOC identifying all requests for accommodation on the basis of disability of which it is aware made during the preceding year. The report will include the requestor's full name, job title, contact information, the nature

13

of the request, and Lornamead's response to the request. Documentation reflecting the requests and Lornamead's response to the requests will be provided upon request by the EEOC.

2.      On an annual basis beginning one year after the Effective Date of this Decree, Defendant Lornamead will provide a written report to the EEOC identifying all complaints of violations of the ADA for disability discrimination or failure to accommodate from employees (including temporary employees, if known to Lornamead) at the Tonawanda, NY location that were received, pending, or closed by Lornamead during the preceding year. The report will include the complainant's full name and job title, contact information, a summary of the complaint, the results of any investigation of the complaint, and any remedial action taken by Lornamead. Documentation reflecting the complaints and Lornamead's response to the complaints will be provided upon request by the EEOC.

3.      On an annual basis beginning one year after the Effective Date of this Decree, Defendant Remedy will provide a written report to the EEOC identifying all requests for accommodation on the basis of disability of which it is aware made during the preceding year by employees placed at Lornamead. The report will include the requestor's full name, job title, contact information, the nature of the request, and Remedy's response to the request. Documentation, if any, reflecting the requests and Remedy's response to the requests will be provided upon request by the EEOC.

4.      On an annual basis beginning one year after the Effective Date of this Decree, Defendant Remedy will provide a written report to the EEOC identifying all complaints of violations of the ADA for disability discrimination or failure to accommodate from employees who are placed at Lornamead that were received, pending, or closed by Remedy during the preceding year. The report will include the complainant's full name and job title, contact

14

information, a summary of the complaint, the results of any investigation of the complaint, and any remedial action taken by Remedy.  Documentation, if any, reflecting the complaints and Remedy's response to the complaints will be provided upon request by the EEOC.

**Section 207    Recordkeeping Requirements**

    A.    Defendants will maintain such records as are necessary to demonstrate their compliance with this Decree and 29 C.F.R. § 1602 *et seq.*

    B.    For the duration of the Decree, Defendants will retain the following documents:

        1.    Any written or documented requests for accommodation on the basis of disability under the ADA and any documents generated in response to such requests;

        2.    All written or documented complaints of disability discrimination or failure to accommodate on the basis of disability under the ADA and all documents generated in response to such complaints and any resolution thereof;

        3.    All training materials and attendee lists required by this Decree; and

        4.    Any other document or record created pursuant to this Decree.

**PART III    MONETARY RELIEF**

**Section 301    Monetary Relief to Charging Party**

    A.    Within fifteen (15) business days of the later of the Effective Date or the date Charging Party provides Defendant Remedy with an executed IRS Form W-9, an executed IRS Form W-4, and an executed release as set forth in Exhibit C, Defendants will pay the total gross sum of $50,000.00 to Charging Party (the "Gross Settlement Amount").  $25,000.00 is designated as back wages and $25,000.00 is designated as compensatory damages.  The payment obligation for the Gross Settlement Amount shall be split between Defendants; however,

payment of the Gross Settlement Amount will be made by Remedy and Lornamead will reimburse Remedy for its share. Lornamead will provide proof of such reimbursement to the EEOC.

      B.      Defendant Remedy will make all required withholdings from the portion of the payment representing backpay for applicable federal, state, and local income taxes and the employee share of federal payroll taxes, and will issue an IRS Form W-2. Remedy will be responsible for (and may not deduct from the payment to Charging Party) any tax obligation Remedy incurs as a result of this payment, including the employer's share of federal payroll taxes. Remedy will issue an IRS Form 1099 for the portion of the payment representing compensatory damages.

      C.      The payments will be made by check and sent by certified mail, return receipt requested, to Charging Party and will be accompanied by a statement identifying the nature and amount of each withholding. A copy of the checks and withholding statement will be provided to EEOC immediately upon their issuance.

      D.      In consideration for the Monetary Relief paid to Charging Party in this Section, Charging Party will execute a release as set forth in Exhibit C.

## PART IV     SIGNATURES

      Each signatory to this Decree represents that he or she is fully authorized to execute this Decree and to bind the Parties on whose behalf he or she signs.

## PART V     DURATION OF DECREE

      A.      This Decree will remain in effect for three (3) years from the Effective Date of this Decree. The Decree will not expire against any signatory while any enforcement action is pending against that signatory. The terms of the Decree will expire at the end of the three-year

term, without further action by the parties or the Court, unless the duration of this Decree has been extended pursuant to this Paragraph.

        B.     The Court will retain jurisdiction over this action for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein.  Upon signature and approval by the Court, the matter may be administratively closed but will not be dismissed.

For Plaintiff EEOC:

Jeffrey Burstein
Regional Attorney

Nora Curtin
Supervisory Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004


Elizabeth Fox-Solomon
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
EEOC Buffalo Local Office
Olympic Towers
300 Pearl Street, Suite 450
Buffalo, New York 14202

For Defendant Lornamead, Inc.

Randy Sloan
President
LORNAMEAD, INC.
1359 Broadway
17th Floor
New York, New York 10018

For Defendant Remedy Intelligent Staffing, LLC

Steve Mills, President
EmployBridge
Franchise Division
REMEDY INTELIGENT
STAFFING, LLC
1040 Crown Pointe Parkway
Atlanta, GA 30338

SO ORDERED this 16th day of April , 2019.

s/Lawrence J. Vilaro

Hon. Lawrence J. Vilardo
United States District Judge

19

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

Olympic Tower
300 Pearl Street, Suite 450
Buffalo, NY  14202-2504
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Buffalo Status Line: (866) 408-8075
Buffalo Direct Dial: (716) 431-5007
FAX: (716) 551-4387
Website:  www.eeoc.gov

# <u>NOTICE TO EMPLOYEES</u>

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Lornamead, Inc. and Remedy Intelligent Staffing, LLC,* Civil Action No. 1:18-cv-00841 (W.D.N.Y.), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC") against Lornamead, Inc. and Remedy Intelligent Staffing, LLC.  The EEOC alleged that Defendants violated the Americans with Disabilities Act ("ADA") by failing to accommodate a qualified individual with a disability.  Defendants deny the allegations in the lawsuit.

Federal law prohibits employers from discriminating against individuals on the basis of disability and requires employers to provide reasonable accommodations to qualified individuals with disabilities absent undue hardship to the employer. It is unlawful for an employer to retaliate against any person because he or she requests a reasonable accommodation for a disability, complains of discrimination, cooperates with an investigation by an employer or government agency into a complaint of discrimination, participates as a witness in any investigation or legal proceeding, or otherwise exercises his or her rights under the law.

Defendants are committed to providing equal employment opportunities to qualified individuals with disabilities.  The Consent Decree also includes provisions relating to training, recordkeeping, and monitoring under the ADA, and provides monetary relief to the individual who filed the charge in this case.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age, disability or genetic information. If you believe you have been discriminated against, you may follow Company policy for reporting discrimination or contact the EEOC at (716) 431-5007.  EEOC charges no fees and has a TTD number.

**This Notice must remain posted for three years from the date below and must not be altered, defaced or covered by any other material. Any questions should be directed to the EEOC Buffalo Local Office, 300 Pearl Street, Suite 450, Buffalo, NY 14202.**

# EXHIBIT B

## REASONABLE ACCOMMODATIONS POLICY

### Commitment to Equal Employment Opportunities

The Americans with Disabilities Act (ADA), as amended by the ADA Amendments Act (ADAAA) prohibits employers from discriminating against qualified individuals with disabilities, and requires employers to provide reasonable accommodations to individuals with disabilities under certain circumstances. The Company complies with the ADA, as amended by the ADAAA, the New York State Human Rights Law (NYSHRL), and all applicable local fair employment practices laws including but not limited to the New York City Human Rights Law (NYCHRL), and is committed to providing equal employment opportunities to qualified individuals with disabilities. Consistent with the law and this commitment, the Company will provide reasonable accommodations to disabled applicants and employees if the reasonable accommodation would allow the individual to perform the essential functions of the job, unless doing so would create an undue hardship.

In addition, the Company will provide reasonable accommodations to an individual for religious needs, for their needs related to pregnancy, childbirth, or a related medical condition, or for their needs as a victim of domestic violence, sex offenses or stalking if required by applicable law.

### Requesting a Reasonable Accommodation

If you believe you need an accommodation because of your disability, for religious needs, due to your pregnancy, childbirth, or a related medical condition, or for your needs as a victim of domestic violence, sex offenses, or stalking, you may request a reasonable accommodation from the Human Resources Department. You may make the request orally or in writing. The Company encourages employees to make their request in writing on the Company's reasonable accommodation request form and to include relevant information, such as:

- A description of the accommodation you are requesting.
- The reason you need an accommodation.
- How the accommodation will help you perform the essential functions of your job.

After receiving your oral or written request, the Company will engage in an interactive/cooperative dialogue with you regarding your accommodation needs, potential accommodations that may address your needs, including alternatives to a requested accommodation, and any difficulties that the proposed accommodations could pose to the Company. The Company encourages you to suggest specific reasonable accommodations that you believe would allow you to perform your job. However, the Company is not required to make the specific accommodation requested by you and may provide an alternative, effective accommodation, to the extent any reasonable accommodation can be made without imposing an undue hardship on the Company.

**Documentation**

- If your disability or need for accommodation is not obvious, the Company may ask you to provide supporting documents showing that you have a disability within the meaning of the ADA and/or applicable state or local laws, and that your disability necessitates a reasonable accommodation. In those cases, if you fail to provide the requested information, your request for a reasonable accommodation may be denied. The Company will keep confidential any medical information it obtains in connection with your request for a reasonable accommodation.

- If you are requesting a reasonable accommodation for your needs as a victim of domestic violence, sex offenses, or stalking, the Company may require you provide certification that you are a victim of domestic violence, sex offenses, or stalking within a reasonable period of time. The Company will keep confidential all information it obtains in connection with your request for a reasonable accommodation for your needs as a victim of domestic violence, sex offenses, or stalking, unless you consent to disclosure in writing or disclosure is otherwise required by applicable law.

**Determinations**

The Company makes determinations about reasonable accommodations on a case-by-case basis considering various factors and based on an individualized assessment in each situation.

The Company strives to make determinations on reasonable accommodation requests expeditiously, and will inform the individual in writing once a final determination has been made. If you have any questions about a reasonable accommodation request you made, please contact the Human Resources Department.

**No Retaliation**

Individuals will not be retaliated against for complaining of disability discrimination or requesting an accommodation pursuant to this policy. The Company expressly prohibits any form of discipline, reprisal, intimidation, or retaliation against any individual for requesting an accommodation or complaining of disability discrimination.

The Company is committed to enforcing this policy and prohibiting retaliation against employees and applicants who request an accommodation or have a reasonable basis to complain of disability discrimination. However, the effectiveness of our efforts depends largely on individuals telling us about inappropriate workplace conduct. If employees or applicants feel that they or someone else may have been subjected to conduct that violates this policy, they should report it immediately pursuant to the complaint procedure described below. If employees do not report retaliatory conduct, the Company may not become aware of a possible violation of this policy and may not be able to take appropriate corrective action.

**Complaint Procedure**

The Company relies on and expects prompt reporting of all incidents of discrimination and retaliation. If you believe you have been subjected to such behavior, or if you have observed such behavior, you should promptly report the incident to a Senior Manager of the Company or a representative of Human Resources either at your location or the Company's corporate office in New York. If you are uncomfortable reporting the incident to the Senior Manager or Human Resources, you may report it to any manager. You may also contact the Vice President, Human Resources & Corporate Services at (646) 927-2054.

Aside from the internal process at the Company, employees who believe they have been discriminated against in violation of the ADA and/or applicable state or local law related to disability discrimination may contact the Equal Employment Opportunity Commission ("EEOC") and/or an applicable state or local governmental entity, such as the New York State Division of Human Rights or the New York City Commission on Human Rights.

**Administration of this Policy**

The Human Resources Department is responsible for the administration of this policy. If you have any questions regarding this policy or questions about disability accommodations that are not addressed in this policy, please contact the Human Resources Department.

# EXHIBIT C

## RELEASE

In consideration for $50,000.00 paid to me by Defendants in connection with the resolution of *EEOC v. Lornamead, Inc. and Remedy Intelligent Staffing, LLC* (No. 1:18-cv-00841) (W.D.N.Y.) and EEOC Charge Nos. 525-2016-00668C and 525-2016-00639, I waive my right to recover for any claims of disability discrimination arising under Title I of the Americans with Disabilities Act of 1990, as amended, that I had against Defendants prior to the date of this release and that were included in the claims alleged in the EEOC's complaint in *EEOC v. Lornamead, Inc. and Remedy Intelligent Staffing, LLC* (No. 1:18-cv-00841) (W.D.N.Y.) and/or in EEOC Charge Nos. 525-2016-00668C and 525-2016-00639.

David C. Gaiser II
_____

Date
_____